# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal Action No. 98-00099-KD |
| | ) | |
| JAMARR RASHAUN JOHNSON, | ) | Criminal Action No. 98-00158-KD |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the following:

1) Letter from Defendant Jamarr Rashaun Johnson requesting relief pursuant to United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (doc. 345, Criminal Action No. 98-00099-KD; doc. 163, Criminal Action No. 98-00158-KD);

2) Letter from Johnson construed as a motion pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) and requesting relief pursuant to United States v. Holloway (doc. 346, doc. 165);

3) Letter from Johnson in support (doc. 349, doc.168);

4) Letter from Johnson in support (doc. 351, doc. 170);

5) Response from the United States (doc. 353, doc. 172);

6) Letter from Johnson stating that he did not intend to file a motion pursuant to the First Step Act (docketed as a motion to withdraw) (doc. 356, doc. 175);

7) Johnson's "Request for a reduced sentence in light of United States v. Holloway", request for appointment of counsel and request for an evidentiary hearing (doc. 357, 176).

8) Letter in support from Bernadette Turner (doc. 358, doc.177).

9) Letter in support from Pastor Theris Howard (doc. 361, 180).

Upon consideration and for the reasons set forth herein, Johnson's request for relief under United States v. Holloway is DENIED, or alternatively, DISMISSED for lack of jurisdiction; his

request for appointment of counsel is DENIED; and his request for an evidentiary hearing is DENIED (docs. 346, 357; docs. 165, 176). Johnson's motion to withdraw his motion pursuant to the First Step Act of 2018 is GRANTED (doc. 356, doc. 175).

I. Background.

In 1998, Johnson and six co-defendants were indicted in two criminal actions following a series of armed robberies of automobiles. The cases were consolidated for trial and sentencing. Johnson was convicted of ten counts related to the armed robbery offenses (docs. 132, 140 (Counts 1, 2, 4, 5, 7, 8, 10, 11); docs. 18, 25) (Counts 1, 2)). He was also convicted of five counts of using and carrying a firearm during and in relation to a crime of violence. (Id. (Counts 3, 6, 9, 12); Id. (Count 3)).

On January 22, 1999, U.S. District Judge Charles R. Butler, Jr. sentenced Johnson to 188 months, concurrent, as to the armed robbery convictions. He was sentenced to 1,020 months, consecutive, as to the firearm convictions. At that time, each firearm conviction carried a mandatory, separate, consecutive sentence.[1] His total sentence was 1,208 months. His release date is May 11, 2091.

Johnson's sentences were affirmed on appeal in 2001 (doc. 160, doc. 46). His motion to vacate pursuant to 28 U.S.C. § 2255 and motion for certificate of appealability were denied in 2002[2] (docs. 179, 190; docs. 62, 73). Johnson filed an appeal (doc. 188; doc. 71). However, the Court of Appeals for the Eleventh Circuit also denied his motion for a certificate of appealability

---

[1] Count 3 - 60 months; Count 6 - 240 months; Count 9 - 240 months; Count 12 - 240 months; and Count 3 – 240 months.

[2] Among other claims, Johnson argued that his counsel had been ineffective for failing to seriously challenge the imposition of the second or subsequent § 924(c) offenses because there was only a single crime and he had not been previously convicted of a § 924(c) offense (doc. 62).

(Continued)

2

(docs. 75, 76).[3]

Johnson filed several other motions. In September 2004, he moved pursuant to Rule 60(b) to vacate the order denying his § 2255 motion. The motion was denied (docs. 192, 193; docs. 77, 78). In September 2005, he moved pursuant to Rule 60(b)(4) to vacate the order denying his 2255 motion (docs. 194; doc. 79). The motion was dismissed (doc. 195).[4] In 2007, Johnson filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599. The motion was denied (docs. 208, 209; docs. 80, 81).[5] In January 2009, Johnson filed a Rule 60(b)(6) motion to vacate the order denying his § 2255 motion. The motion was denied (docs 222, 224; doc. 93).[6]

In December 2015, Johnson filed a motion to reduce his 18 U.S.C. § 924(c) sentences pursuant to United States v. Holloway (doc. 278; doc. 99). He also wrote the United States Attorney seeking his agreement to vacate the § 924(c) sentences. The United States responded that after thorough consideration, it could not agree to vacate (doc. 282, doc. 102). The United States explained that Johnson was a "member of a gang which engaged in a series of armed carjackings" (doc. 282, doc. 102). The United States further explained that "[d]uring one carjacking, a gang member fired a shot to ward off the owner of the vehicle", in "another carjacking, the victim was shot in the shoulder", and Johnson had possessed a weapon during

---

[3] The orders were not docketed in Criminal Action No. 98-00099.

[4] The order was not docketed in Criminal Action No. 98-00158.

[5] Johnson filed an appeal (doc. 210, doc. 82). However, his motion to proceed in forma pauperis was denied and the appeal was dismissed for failure to pay the filing fee (docs. 214-217, docs. 86-89).

[6] Johnson filed an appeal. However, his motions to proceed in forma pauperis and for a certificate of appealability were denied. The Eleventh Circuit also denied his motion for a certificate of appealability (docs. 225-237)

3

these carjackings (doc. 282, doc. 102). Citing a news article from October 2000, the United States also explained that Johnson had been convicted of murder and sentenced to life imprisonment by the State of Alabama. (Id.) He had "shot the victim twice in the back with a . . . pistol after the man complained about the poor quality of the crack cocaine Johnson sold him." (Id.). However, the state court judge suspended Johnson's life sentence to relieve the state of the "financial burden" upon reasoning that the "federal sentence of more than 100 years was enough time to ensure that a suspended sentence on the state charge would not lead to his freedom." Id. The district court denied Johnson's motion (doc. 283, 103). His motion to reconsider was also denied (doc. 285, 105).

In 2016, upon permission from the Court of Appeals for the Eleventh Circuit,[7] Johnson filed a second motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 289, docs. 109). The motion was denied. However, the district court granted Johnson's motion for certificate of appealability (docs. 304, 305; docs. 120, 121). In 2017, the Eleventh Circuit affirmed the district court's decision to deny Johnson's motion (docs. 135, 139).[8]

II. Motion to withdraw the First Step Act of 2018 motion.

Johnson sent a letter which the Court docketed as a motion pursuant to the First Step Act of 2018 (doc. 346, doc. 165). Johnson referenced the First Step Act and also requested relief

---

[7] Johnson argued that the offenses of armed robbery of a vehicle failed to qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A) (the use of force clause or elements clause) because the crimes could be accomplished by intimidation. He also argued that the residual clause in § 924(c)(3)(B) did not apply because it was unconstitutionally vague. Citing In re Smith, the district court denied the motion as to 18 U.S.C. § 924(c)(3)(A) and found that the constitutionality of § 924(c)(3)(B) need not be addressed. In In re Smith, the Eleventh Circuit held that carjacking or armed robbery of a vehicle constituted a crime of violence under § 924(c)(3)(A). 829 F. 3d 1276, 1280 (11th Cir. 2016).

[8] The decision was not docketed in Criminal Action No. 98-00099.

pursuant to Holloway. Johnson has now filed a motion to withdraw to the extent that the motion was construed as one for relief under the First Step Act (doc. 356, doc. 175). Johnson states that he intended to file a motion seeking relief pursuant to Holloway, but not the First Step Act. Accordingly, upon clarification as to the grounds for relief, Johnson's motion to withdraw his First Step Act motion is GRANTED.

    III. Motion for relief pursuant to United States v. Holloway.

Johnson moves the Court for relief from his mandatory, consecutive § 924(c) sentences which total 1,208 months. He argues that this Court should follow the decision of United States District Judge John Gleeson in Holloway and request the U.S. Attorney "consider exercising his discretion to agree to an order vacating two or more" of the § 924(c) convictions (doc. 346, doc. 165). Johnson argues that the Court has the power to modify his sentence to a more reasonable one, with agreement by the U.S. Attorney (doc. 357, doc. 176). In support, Johnson argues that Judge Gleeson knew that "lawmakers were working on taking steps to lessen the sentence that multiple § 924(c) offenses mandate be imposed" (doc. 346, doc. 165) and points to Congress' recent passing of the First Step Act of 2018, which amended § 924(c) and eliminated the "stacking" of multiple convictions under § 924(c) (doc. 357, doc. 176).

The United States argues[9] that this Court should not follow the Holloway decision and therefore, should not ask the U.S. Attorney to consider exercising his discretion to seek to vacate Johnson's § 924(c) convictions. The United States points out that the decision in Holloway is not binding on this Court because it is a district court decision from another circuit. The United

---

[9] The United States argues that Johnson was not entitled to relief under the First Step Act because Section 403, which amended 18 U.S.C. § 924(c), does not apply retroactively to persons sentenced before December 21, 2018 (doc. 353, doc. 172). Since Johnson's motion to withdraw his First Step Act motion has been granted, the Court need not address this argument.

5

States also points out that after Holloway was decided, Congress did address the issue of mandatory, consecutive sentences for § 924(c) convictions and made a deliberate policy decision to amend § 924(c) to apply prospectively, but not retroactively. The United States also argues that the criminal justice system demands finality in judgment and therefore, Congress provides only narrow exceptions whereby a judgment may be amended. Last, the United States argues that the facts in this case do not warrant relief.

Johnson's federal convictions and sentences are similar to Holloway's. Holloway was convicted in 1995. He was sentenced to 151 months, concurrent, for three counts charging armed robbery of a vehicle. He was sentenced to a total of 540 months, consecutive, for the three accompanying counts under § 924(c). 68 F. 3d. Supp. at 312 ("… a mandatory 5 years for the first one; a mandatory 20 for the second; another mandatory 20 for the third." Id. His sentence was affirmed by the Court of Appeals for the Second Circuit and the Supreme Court.

Holloway's first motion to vacate pursuant to 28 U.S.C. § 2255 was denied in 2002, and his application to file a second § 2255 was denied in 2010. In 2012, after serving approximately twenty years, Holloway moved to reopen his § 2255 proceedings pursuant to Fed. R. Civ. P. 60(b), on basis of the harsh sentence produced by mandatory "stacking" of the § 924(c) convictions. District Judge Gleeson explained as follows:

> In late 2012, Holloway filed a motion to reopen his § 2255 proceeding under Fed.R.Civ.P. 60(b). Recognizing that there were good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it, I issued an order on February 25, 2013, stating as follows: "I respectfully request that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions."
>
> In a letter dated July 24, 2013, the United States Attorney declined to agree to an order vacating two or more of Holloway's § 924(c) convictions. She observed that Holloway might be eligible for relief from the President through the exercise of his clemency power. 16 However, subsequent to that suggestion, the Department of Justice announced

> a new clemency initiative, and the criteria it set forth in describing the clemency applications it would support and prioritize made it likely that Holloway's crimes of violence would disqualify him. 17 Thus, on May 14, 2014, I asked the United States Attorney to reconsider exercising her discretion to agree to an order vacating two or more of Holloway's § 924(c) convictions so he could face a more just resentencing.

Id. at 314.

> In response, the Assistant U.S. Attorney stated at the hearing as follows:
>
> Let me say formally, the U.S. Attorney has given long and careful consideration to your Honor's ... earlier request.... She did carefully consider it and that was the office's recommendation—that Mr. Holloway seek clemency or commutation of sentence. And she further reconsidered, in light of your Honor's recent order, and has agreed to proceed along the lines similar to those that you proposed. I would say that's based on several considerations, and in part based on the office's view and her view that this is both a unique case and a unique defendant in many ways.
> [ ]
> I want to be clear on this point—that the United States Attorney's position in this case shouldn't be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases.
>
> In terms of how to proceed, we would propose to withdraw our opposition to the pending Rule 60(b) motion, and also to state on the record that we wouldn't oppose the granting of the underlying 2255 motion for the purpose of vesting the court with authority to vacate two of the 924(c) convictions, and to proceed to resentence, all of that without taking a position on the merits of either the Rule 60 motion or the habeas petition.

68 F. 3d. Supp. at 315 (ellipses in original).

Judge Gleeson vacated two of Holloway's "stacked" § 924(c) convictions and set the matter for resentencing. Id. Judge Gleeson explained that "cases like Holloway's produce sentences that would be laughable if only there weren't real people on the receiving end of them. The United States Sentencing Commission has wisely asked Congress to reform § 924(c) to blunt the harsh impact it mandates in many cases." 68 F. 3d. Supp. at 312, n. 4 (citing U.S. Sentencing Comm'n, Report to the Congress: Mandatory Minimum Penalties in the Federal

Criminal Justice System ("Mandatory Minimum Report"), at 368 (Oct. 2011) and its recommendation "that Congress lower the mandatory prison sentences in the section, make the recidivism enhancements applicable only when the first offense was the result of a prior conviction, and allow for concurrent sentences on 'stacked' § 924(c) counts"). [10]

Many defendants have filed motions based upon United States v. Holloway and asked the district courts to request that the prosecuting U.S. Attorney consider agreeing to vacate a sentence.[11] See Wright v. United States, 2018 WL 4854081, at *2 (E.D. Va. Oct. 5, 2018) (noting seventy-one reported cases wherein motions based on Holloway were denied). Some courts have criticized the opinion.[12] At least one has followed the decision and made the request to the U.S. Attorney.[13] Some courts have denied the motions on basis that there is no inherent

---

[10] Congress did act. The First Step Act of 2018, amended § 924(c)(1)(C) to strike "second or subsequent conviction under this subsection" and insert "violation of this subsection that occurs after a prior conviction under this subsection has become final." Pub. Law 115-391, December 21, 2018, 132 Stat 5194. However, that portion of the First Step Act was not retroactive. Congress specifically excluded defendants who had already been sentenced as of December 21, 2018. ("Applicability to Pending Cases. This section, and the amendment made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

[11] To date, 98 cases are reported on Westlaw.

[12] United States v. Scott, No. 1:04CR453, 2017 WL 9250298, at *2 (E.D. Va. Apr. 18, 2017) "("Furthermore, it is arguable that the district court in *Holloway* overstepped the statutory authority conferred to district courts by Congress by (i) instructing the United States to file a Rule 35 motion, and (ii) granting that motion on the grounds of 'fairness' and 'justice' without any reference to the requirement that the defendant provide substantial assistance to the government. Other courts to consider *Holloway* have been, at best skeptical, and at worst critical, and this Court joins that chorus.") (collecting cases).

[13] In United States v. Ledezma-Rodriguez, 249 F. Supp. 3d 979, 982 (S.D. Iowa 2017), the district court stated as follows: "There is no justice in the mandatory sentence Defendant received. As did the court in *Holloway*, this Court is compelled to exhort the prosecuting U.S. Attorney to revisit and review this case with a critical eye. At this time, the Government has expressly declined to make any concessions or take any action in this case. . . . But in the interest of justice—an interest necessarily shared by the Government, Defendant, and this Court—it
(Continued)

authority to vacate a sentence but instead authority exists only by statute or rule.[14] Other courts have found that the motions were correctly construed as a motion to vacate pursuant to 28 U.S.C. § 2255 and often dismissed as a second or successive motion filed without circuit approval.[15]

Other courts have declined to apply Holloway because it was "a district court decision from another jurisdiction and has no controlling effect[.]" Vann v. United States, No. 02-CR-85-JHP, 2017 WL 4071139, at *3 (E.D. Ok., Sept. 14, 2017).[16] In that regard, the "Eleventh Circuit has not endorsed (nor has any other circuit court of appeals endorsed) the so-called "Holloway Doctrine[.]" United States v. Clarke, No. 4:17CV184-WS/CAS, 2019 WL 551202, at *2 (N.D. Fla. Feb. 12, 2019).

However, at least one district court has granted relief pursuant to Holloway where the United States did not object. The district court in Gatica-Rodriguez v. United States, explained

---

would be a most laudable course for the U.S. Attorney to consider taking any available steps toward the remedy of the inauspicious and undeserving fate that has befallen this Defendant." The district court attached a copy of its letter to the U.S. Attorney. Review of the docket indicates that Ledezma's sentence was not reduced.

[14] United States v. Stuart, No. 5:92-CR-114-BR-3, 2019 WL 206092, at *2 (E.D.N.C. Jan. 15, 2019) ("At the outset, the court notes that it does not have the authority to modify a sentence of imprisonment except under limited circumstances not applicable here. *See* 18 U.S.C. §§ 3582(b), (c). In apparent recognition of this fact, defendant relies primarily on the decision in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014)."); United States v. Scott, 2017 WL 9250298, at *2 (E.D. Va. Apr. 18, 2017) ("Quite simply, district courts do not retain inherent authority to reduce a defendant's sentence on the grounds of 'fairness' or 'justice'; and because there is no legal authority permitting a modification of the defendant's sentence, his motion must be denied.").

[15] United States v. Clarke, 2019 WL 551202, at *1 (N.D. Fla. Feb. 12, 2019) (slip copy) (dismissing for lack of jurisdiction Clarke's Holloway motion as a second or successive § 2255 motion filed without authorization by the Court of Appeals for the Eleventh Circuit) (citing United States v. Jackson, 2017 WL 3172787 (D. N. Mex. May 19, 2017)); United States v. DeCaro, No. 1:19-CV-00062-JAR, 2019 WL 1923271, at *2 (E.D. Mo. Apr. 29, 2019) (same).

[16] United States v. Burton, 771 Fed. Appx. 813, 814 (9th Cir. 2019) ("However, as the district court noted, the *Holloway* doctrine has not been adopted in this Circuit. Moreover, we agree with the district court that the instant case is factually distinguishable from *Holloway*.").

9

the unreported decision in United States v. Rivera, as follows:

> This district has been presented twice with *Holloway* claims, with different results. In *United States v. Hutching*, Judge Frank Seay dismissed the defendant's request for resentencing under *Holloway* for lack of jurisdiction. … . By contrast, in *United States v. Rivera*, Judge Seay granted the immediate release of a defendant with no objection from the Government. . . . The defendant in *Rivera* had been convicted in 1985 of conspiracy and various drug distribution counts for his role in a cocaine smuggling operation. He ultimately received consecutive sentences totaling 80 years on eight counts, and he was sentenced to life on a rarely-used Continuing Criminal Enterprise count. Rivera was sentenced at a time when the Guidelines were mandatory, and at a time when the drug sentencing Guidelines reflected much longer sentences than in more recent years. During his 30 years in federal custody, Rivera did not have a single disciplinary action. In 2015, following Rivera's unopposed motion for relief pursuant to *Holloway*, Judge Seay vacated the Continuing Criminal Enterprise count and reduced Rivera's sentence to a total of 30 years, which effectuated Rivera's immediate release from prison. *Id.*

Gatica-Rodriguez v. United States, No. 09-CR-060-JHP, 2017 WL 1944111, at *3 (May 10, 2017).

In any event, the United States indicates that the U.S. Attorney will not exercise his authority to agree to vacate any of Johnson's convictions. Acknowledging the power held by the prosecuting U.S. Attorney, the United States cites to United States v. Ledezma-Rodriguez, 249 F. Supp. 3d 979 (S.D. Iowa 2017). In that case, the district judge stated as follows:

> In Holloway, the court vacated two of the defendant's convictions and was therefore able to resentence the defendant to a lesser term of incarceration; however, the salient factor was the prosecutor's decision to agree to the vacatur, without which the court had possessed no authority to act. Id. at 315–16. Holloway demonstrates that "the Department of Justice, as the government's representative in every federal criminal case, has the power to walk into courtrooms and ask judges to remedy injustices." Id. at 316. . . .
>
> The courts, on the other hand, are strictly limited in their ability to modify sentences. Indeed, as a general matter, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are only three narrow exceptions to this rule: a court can modify a term of imprisonment

(1) upon motion of the Bureau of Prisons; (2) when expressly permitted by statute; or (3) when the applicable sentencing range of the U.S. Sentencing Guidelines has been amended and made retroactive. See 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2).

249 F. Supp. 3d at 282.

Since the U.S. Attorney indicates that he will not agree to request vacation of any of Johnson's § 924(c) convictions, the Court will not consider a modification of the sentence. Therefore, Johnson's request that the Court ask the U.S. Attorney to exercise his discretion and agree to an order to vacate is DENIED.[17] See Whitt v. United States, No. 1:95 CR 33, 2017 WL 5257709, at *3 (N.D. Ind. Nov. 13, 2017) ("No Circuit Court has yet addressed Holloway. And, the one consistent theme for the Courts that have addressed the Holloway decision is that unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the defendant's sentence.") (collecting cases).

Alternatively, should the motion pursuant to the Holloway Doctrine properly be construed as a motion to vacate pursuant to 28 U.S.C. § 2255, the motion is DISMISSED for lack of jurisdiction. Johnson previously filed two § 2255 motions. To file a successive motion,

---

[17] Johnson's sentence would be substantially lower if he had been sentenced after December 21, 2018, the effective date of the First Step Act. Section 403 amended 18 U.S.C. § 924(c)(1)(C). Previously, § 924(c)(1)(C) had read "In the case of a second or subsequent conviction under this subsection" Id. The phrase was interpreted to mean that the "second or subsequent conviction" could be charged in the same indictment. When a defendant was convicted of multiple § 924(c) charges at the same time, as occurred at Johnson's trial, the enhanced mandatory minimum would apply, and all sentences would run consecutive, i.e., "stacked". Now, the enhanced mandatory minimum applies only when the "second or subsequent" § 924(c) conviction has become final in a prior criminal action. Four of Johnson's five § 924(c) convictions carried the enhanced 240- month mandatory minimum. Had Section 403 been made retroactive, all five § 924(c) convictions would each be subject to a mandatory minimum of 60 months, or 300 months total for the firearms. At present, his total sentence for the firearms is 1,020 months.

he must obtain authorization from the Court of Appeals for the Eleventh Circuit. See § 2255(h); 28 U.S.C. § 2244(b)(3). Johnson has not indicated that he obtained the required authorization.

IV. Motion for appointment of counsel and motion for evidentiary hearing.

Generally, in collateral challenges to a sentence, counsel may be appointed in exceptional circumstances "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Redmon v. Lake County Sheriff's Office, 414 Fed. Appx. 221, 226 (11th Cir. 2011). Johnson has raised a straightforward argument that this Court should follow the decision in Holloway and ask the U.S. Attorney to consider consenting to a reduction of his sentence. Since the facts and legal issues are not novel or complex, the motion for appointment of counsel is DENIED.

Generally, an evidentiary hearing may be necessary where material facts are in dispute. See Rozier v. Sec'y, Fla. Dep't of Corr., - - - Fed. Appx. - - -, 2019 WL 2120797, at *3 (11th Cir. May 14, 2019). However, there is no dispute of material fact. Instead, Johnson's arguments are based upon his interpretation of Holloway as legal precedent which this Court should follow. Accordingly, Johnson's motion for an evidentiary hearing is DENIED.

**DONE** and **ORDERED** this 7th day of August 2019.

> s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**