IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal Action No. 98-00099-KD |
| | ) | |
| JAMARR RASHAUN JOHNSON, | ) | Criminal Action No. 98-00158-KD |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on Defendant Jamarr Rashaun Johnson's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), motions for appointment of counsel, and requests for an evidentiary hearing or oral argument.

I. Motions for appointment of counsel

Johnson moves the Court for appointment of counsel to assist him with pursuing a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Criminal Action No. 98-00099-KD, docs. 380, 382, 392; Criminal Action No. 98-00158-KD, docs. 196, 198, 208). Johnson does not have a constitutional or statutory right to counsel for "motions filed under § 3582; therefore, 'the decision to appoint an attorney is left to the discretion of the district court.'" United States v. Reese, No. 2:12-CR-87-WKW, 2020 WL 3621316, at *1 (M.D. Ala. July 2, 2020) (quoting United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of an 18 U.S.C. § 3582(c)(2) motion and finding that the district court may appoint counsel to a financially eligible person if it finds that the interests of justice so require); See United States v. Cain, 827 Fed. Appx. 915 (11th Cir. 2020) (discussing Webb and finding the district court's denial of counsel in a § 3582(c)(1)(A) proceeding was not an abuse its discretion).

To determine whether the interest of justice requires appointment of counsel, the Court may consider factors such as whether the grounds for the motion are so factually and legally complex or exceptional as to warrant appointment of counsel, whether the defendant is capable

of presenting the facts or argument, and the merits of defendant's argument, as well as other equitable concerns that may in the interests of justice require appointment of counsel. United States v. Cain, 827 Fed. Appx. at 921 (citing Webb, 565 F. 3d at 195 n.4). The Court finds that the grounds for Johnson's motion are not so factually and legally complex or exceptional to warrant appointment of counsel and that Johnson has shown he is capable of presenting the facts and arguments relevant to his motion. Accordingly, the motions for appointment of counsel are DENIED.

II. Requests for an evidentiary hearing or oral argument

Throughout Johnson's motions and letters, he requests an evidentiary hearing or oral argument. The Court finds that neither are necessary for resolution of the motion. No issues of fact need be resolved. Johnson's motion pursuant to § 3582(c)(1)(A)(i) will be determined on questions of law. To the extent that Johnson provided additional information to the Court by way of his exhibits, the United States had the opportunity to contest the information in writing. Also, Johnson filed two replies to the United States' response. Thus, he too, had the opportunity to contest in writing. Cf. United States v. Jules, 595 F.3d 1239, 1243 (11th Cir. 2010) ("[E]ach party must be given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding.... [A]lthough a hearing is a permissible vehicle for contesting any new information, the district court may instead allow the parties to contest new information in writing."). Further, oral argument would not be of assistance to the Court. Accordingly, the requests for an evidentiary hearing or oral argument are DENIED.

III. Motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

This action is before the Court on Defendant Jamarr Rashaun Johnson's Motion for Sentence Reduction pursuant to the First Step Act of 2018, as amended, and exhibits; the United States' response; Johnson's reply and supplemental reply; Johnson's letters to the Court, and

letters of support from family and friends. (Criminal Action No. 98-00099-KD, docs. 369-372, 374, 376-382, 384-385, 387-389, 391-392) (Criminal Action No. 98-00158-KD, docs. 185-188, 191-198, 200-201, 203-205, 207-208). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

A. Background

Relevant to this motion, Johnson and six co-defendants were indicted in 1998 in two criminal actions following a series of armed robberies of automobiles. Victims were shot and wounded during two of the robberies. The cases were consolidated for trial and sentencing. Johnson was found guilty and convicted of five counts of armed robbery and five counts of conspiracy to commit armed robbery (Criminal Action No. 98-00099-KD, docs. 132, 140; Counts 1, 2, 4, 5, 7, 8, 10, 11; Criminal Action No. 98-00158-KD, docs. 18, 25; Counts 1, 2). He was also convicted of five counts of using and carrying a firearm during and in relation to a crime of violence. (Id., Counts 3, 6, 9, 12; Id., Count 3). Specifically, the five counts of armed robbery of a vehicle.

In January 1999, U.S. District Judge Charles R. Butler, Jr. sentenced Johnson to 188 months, concurrent, for the five convictions for armed robbery and 60 months, concurrent, for the five convictions for conspiracy to commit armed robbery for a term of 188 months. As to the five firearms convictions, Johnson was sentenced to "60 months as to count 3 and 240 months as to each of counts 6, 9 and 12 in CR 98-00099-001; and 240 months as to count 3 in CR 98-00158-001 …to run consecutively to each other and to the sentences imposed" for armed robbery and conspiracy to commit armed robbery, for a term of 1,020 months (doc. 140, amended judgment). Johnson's total sentence imposed was 1,208 months (188 months plus 1,020 months) or 100 years plus 8 months.

3

At time of sentencing, Johnson was 21 years old. He is now 43 years old and has served approximately 22 years in prison. His current release date is March 14, 2090.

B. <u>Analysis</u>

1. <u>First Step Act of 2018 – Amendment to 18 U.S.C. § 924(c)(1)(C)</u>

Title 18 U.S.C. § 924(c)(1)(A) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be sentenced to an additional term of imprisonment. Section 924(c)(1)(C) provides for an enhanced mandatory minimum sentence for a second or subsequent conviction. Section 924(c)(1)(D)(ii) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."

The version of § 924(c)(1)(C), applied to Johnson, states as follows:

> In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years[.]

18 U.S.C. § 924(c)(1)(C) (effective October 11, 1996 to November 12, 1998) (in effect at the time of commission of the offenses). Pursuant to that version of the statute, if multiple § 924(c)(1)(A) firearms offenses were charged in the same indictment, the first firearms conviction resulted in a consecutive sentence at the mandatory minimum, and the second and subsequent firearms convictions resulted in consecutive sentences, each at the enhanced mandatory minimum of twenty years.

4

For Johnson, whose two indictments were consolidated for trial and sentencing, the first of his five firearms convictions resulted in a sentence of 60 months (5 years), and the remaining four resulted in four consecutive 20 year or 240-month sentences (80 years), for a total of 1,020 months or 85 years. His total sentence was 1,208 months (100 years plus 8 months), which included the 188/60-month concurrent sentences for armed robbery and conspiracy to commit armed robbery.

The First Step Act, Pub. Law 115-391, § 403(a), 132 Stat 5194, 5221-5222 (effective December 21, 2018), amended § 924(c)(1)(C), to read as follows: "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall-- (i) be sentenced to a term of imprisonment of not less than 25 years" to be served consecutively. See § 924(c)(1)(D)(ii). Now, the statute does "not apply to multiple § 924(c) convictions resulting from a single prosecution." United States v. Griffin, - - - Fed. Appx. - - -, 2021 WL 2179331, at *1 (11th Cir. May 28, 2021). As a result, with all other factors unchanged, if Johnson were sentenced now, he would serve 60 months for each of the five firearms offenses, consecutive, for a total of 300 months, plus 188/60 months concurrent sentences for armed robbery and conspiracy to commit armed robbery, or 488 months (40 years and 8 months).

The United States argues that Johnson is trying to convince the Court to apply the amendment to § 924(c)(1)(C) retroactively even though § 403 of the First Step Act specifically provides that it does not apply to any person whose sentence was imposed before December 21, 2018 (doc. 377; doc. 193). Section 403(c) captioned, "Applicability to Pending Case", reads as follows:

> This section, and the amendment made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. Law 115-391, § 403(b), 132 Stat 5194.

Johnson replies that he is not seeking retroactive application of the amended statute and concedes that the amendment did not apply retroactively (docs. 378, 379; 194, 195). Therefore, the Court need not address the United States' argument.

2. <u>Motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)</u>

As amended by the First Step Act of 2018, § 3582(c)(1)(A)(i), provides in relevant part that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction" . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S § 3582(c)(1)(A)(i) First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Thus, before the Court may consider Johnson's motion it must determine whether certain statutory requirements are met. Specifically, that Johnson either "exhausted all administrative rights to appeal a failure" of the BOP to file a motion on his behalf, or 30 days lapsed between the time of the Warden's receipt of his request for a motion and the time of filing the motion in this Court.

The United States argues that Johnson failed to meet either of the exhaustion requirements set out in § 3582(c)(1)(A) (doc. 377, p. 7-8; doc. 188, p. 7-8); (doc. 371, p. 10; doc. 187, p. 10). Johnson argues that his motion was filed more than 30 days after the Warden

received his written request (doc. 371, p. 2; doc. 187, p. 2). He alleges that he made the written request to the Warden on November 8, 2019, and as of the date of signing his original motion, December 16, 2019, 42 days had passed and the Warden had not moved for compassionate release on his behalf (doc. 370, p. 3, 7; doc. 186, p. 3, 7). In his amended motion, Johnson reiterated that when he filed his original motion, the Warden had not responded and more than 30 days had lapsed since the Warden received his request (doc. 371, p. 1-2, 10; doc. 187, p. 1-2, 10). Johnson explained that he received the Warden's denial letter on December 20, 2019, and then filed his amended motion (doc. 378, p. 3; doc. 193, p. 3).

Receipt by the Warden is the triggering point for the 30-day period. § 3582(c)(1)(A)(i) (… or the lapse of 30 days from the receipt of such a request by the warden). Although the Court does not know the exact date the Warden received Johnson's request, the Warden acknowledged receipt and acknowledged that the request was dated November 8, 2019. Thus, the Warden received the request at some point including and between November 8 to November 22, 2019. Absent evidence to the contrary, the Court gives Johnson the benefit of the doubt and assumes for purposes of his motion, that the Warden received the request on November 8, 2019. Thus, more than 30 days lapsed before Johnson's motion was filed on December 16, 2019.[1]

As to the merits, Johnson moves[2] pursuant to § 3582(c)(1)(A)(i), the "compassionate release" provision, as amended by the First Step Act. He asks the Court to reduce his sentence to

---

[1] Johnson signed his motion on December 16, 2019. The motion was docketed on December 20, 2019. See Burke v. United States, 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it. The government bears the burden of proving that the motion was delivered to prison authorities on a different date.") (citing Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014)).

[2] Johnson also argues that because Section 608 of the First Step Act defines "youth" as a person who was 21 years old or younger at the time of the commission or alleged commission of an

time served, or in the alternative, to consider the decision in Dean v. United States, 137 S. Ct. 1170, 1178 (2017)[3] and reduce his sentence to 25 years, five years each for the firearms convictions, and one day concurrent for the predicate offense convictions, armed robbery of a vehicle, and the convictions for conspiracy to commit armed robbery of a vehicle. Or in the alternative, to reduce his sentence to the sentence he would have received if the amendment had been in effect at the time of his sentencing. See infra, p. 5.

Johnson argues that extraordinary and compelling reasons exist for a reduction of sentence. Specifically, the disparity in sentencing between defendants sentenced before the Frist Step Act amended § 924(c)(1)(C) and defendants sentenced after the amendment, and the excessive length of his sentence caused by "stacking" the four enhanced firearms sentences on a firearms sentence resulting from the same prosecution, which the statute no longer allows.

Johnson asserts that this type of sentence is so excessive, cruel and indefensible that in the First Step Act, Congress finally stopped this type of sentencing. Johnson argues that by enacting § 403 of the First Step Act and amending § 924(c)(1)(C), Congress has now clarified

---

offense, he was a "youth" (19 to 20 years old) at the time of his offenses and should be protected from the imposition of the cruel and unusual 100 year plus 8-month sentence he is now serving. Johnson argues that his sentence is effectively a life sentence that violates his Eighth Amendment rights and Supreme Court precedent protecting youth from cruel and unusual punishment. His argument is misplaced. Section 608 of the First Step Act provides for two "Pilot Programs" including one program for mentoring youth in prison. For purposes of that program, the First Step Act defines "youth" as a "prisoner . . . who was 21 years of age or younger at the time of the commission or alleged commission of the criminal offense…" First Step Act of 2018, Pub. L. No. 115-391, § 608(c), 132 Stat. 5194, 5220 (Dec. 21, 2018).

[3] In Dean, the Supreme Court stated as follows: "The Government speaks of Congress's intent to prevent district courts from bottoming out sentences for predicate § 924(c) offenses whenever they think a mandatory minimum under § 924(c) is already punishment enough. But no such intent finds expression in the language of § 924(c). That language simply requires any mandatory minimum under § 924(c) to be imposed "in addition to" the sentence for the predicate offense, and to run consecutively to that sentence. Nothing in those requirements prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." Dean v. United States, 137 S. Ct. 1170, 1178 (2017).

8

that it never intended to permit the excessive, disproportionate, and cruel punishment that he received. Johnson argues that the fact he would not receive this type of stacked sentence if his crimes occurred after December 21, 2018, is an extraordinary and compelling reason to warrant a reduction in his sentence. Johnson argues that the First Step Act amended § 3582(c)(1)(A) and "vested the Court with authority" upon receipt of a defendant's motion after exhaustion "to decide when extraordinary and compelling circumstances warrant a sentence reduction" (doc. 370, p. 7-11; doc. 186, p. 7-11).

Johnson also argues that even though Congress did not make the amendments to § 924(c)(1)(C) retroactive, the Court may still consider the amendment. Specifically,

> this Court can, and should, take into account Congress's determination that the mandatory sentencing regime to which Johnson was subjected (that is, enhanced mandatory consecutive 20 years sentences imposed as a "second or subsequent" § 924(c) convictions in a defendant's first § 924(c) case) was so harsh, and so unintended to begin with, that it had to end. It would be odd indeed to conclude that Congress intended to bar courts from considering this seismic amendment to 924(c) in connection with applications for relief based squarely on other statutes, such as determining whether extraordinary and compelling reasons warrant a reduction under § 3582(c)(1)(A)(i). The central purpose of the compassionate release statute, as discussed in Johnson's memorandum[4] in support of this motion, was to permit the sentencing judge to grant "a reduction of an unusually long sentence["]. The Government's curious insistence that the Court may not consider the unusual length of Johnson's sentence as one factor in determining whether to reduce it, thus not only makes no sense, it is contradicted by both the original purpose of the statute and the First Step Act's directive to increase its transparency and use.

(Doc. 379, p. 4).

In support of his motion, Johnson submits numerous decisions of district courts wherein similarly situated defendants with "stacked" § 924(c)(1)(C) convictions have obtained reductions

---

[4] (Doc. 370, p. 10, quoting S. Rep. No. 98-225, at 55-56 (1984)).

9

of sentences. Johnson also provides opinions from the Court of Appeals for the Fourth Circuit, affirming the district courts' decisions to grant motions similar to his motion.

In a recent panel decision, the Court of Appeals for the Eleventh Circuit held that the Policy Statement binds the district courts when addressing a § 3582(c)(1)(A)(i) motion filed by the defendant. In United States v. Bryant, 996 F. 3d 1243 (11th Cir. 2021), the Eleventh Circuit acknowledged that its "sister circuits[5] have held that this policy statement is not an 'applicable policy statement' that binds judicial discretion as to defendant-filed motions" and explained as follows:

> We disagree with that reasoning. [Section 3582(c)(1)(A)'s] procedural change does not affect the statute's or 1B1.13's substantive standards, specifically the definition of "extraordinary and compelling reasons." The Commission's standards are still capable of being applied and relevant to all Section 3582(c)(1)(A) motions, whether filed by the BOP or a defendant. And the structure of the Guidelines, our caselaw's interpretation of "applicable policy statement," and general canons of statutory interpretation all confirm that 1B1.13 is still an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it.

Id., at 1247 (bracketed text added). The Eleventh Circuit further held that Application Note 1(D) was "not inconsistent with the procedural change in [§ 3582(c)(1)(A)] that allows defendants to file motions" and thus, "extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivisions (A) through (C)" are those that are "determined by the Director of the Bureau of Prisons", not the courts. Id. at 1247-1248 (bracketed text added).

---

[5] The following circuits concluded that the Policy Statement, U.S.S.G. § 1B1.13, "is not an applicable policy statement" for motions filed by defendants. United States v. Bryant, 966 F. 3d at 1252 (citing United States v. Brooker, 976 F.3d 228 (2d Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Shkambi, 993 F.3d 388 (5th Cir. 2021); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020); United States v. Aruda, 993 F.3d 797 (9th Cir. 2021); United States v. Maumau, 993 F.3d 821 (10th Cir. 2021)).

The Policy Statement provides for reduction in sentence in circumstances involving advanced age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13, cmt. n. 1(A) – 1(C). Except for the Court's knowledge that Johnson is now 43 years old, the Court has no information as to whether his circumstances may fall within those identified in Application Notes 1(A)-1(C). As to the catch-all provision in Application Note 1(D), the Court has not located any information to indicate that the Director of the Bureau of Prisons would determine that the First Step Act's amendment to § 924(c)(1)(C) and the consequent disparity in sentencing between a person sentenced before the Act's effective date of December 21, 2018 and a person sentenced after that date, constitutes a reason "other than, or in combination with" the reasons for a reduction in sentence identified in the Policy Statement. See Bureau of Prisons Program Statement 5050.50, *Compassionate Release / Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*. Since Johnson has not provided any information as to whether he may have an extraordinary and compelling reason for a reduction in sentence as contemplated by § 3582(c)(1)(A)(i) and the Policy Statement, U.S.S.G. §1B1.13, his motion is denied.

**DONE** and **ORDERED** this 1st day of July 2021.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**