IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 98-00099-KD |
| ) | |
| JAMARR RASHAUN JOHNSON, ) | Criminal Action No. 98-00158-KD |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Jamarr Rashaun Johnson's letter to the United States Attorney requesting relief pursuant to United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (Criminal Action No. 98-00099-KD, doc. 416; Criminal Action No. 98-00158-KD, doc. 231), request for relief pursuant to United States v. Holloway (Id. at doc. 417; doc. 232), letters in support (Id. at docs. 418, 419; docs. 233, 234), Johnson's response to order (Id. at doc. 432; doc. 247), and the United States' response (Id. at doc. 438; doc. 253). Upon consideration and for the reasons set forth herein, Johnson's request for relief under United States v. Holloway is DENIED, or alternatively, DISMISSED for lack of jurisdiction.

I. Background.

In 1998, Johnson and six co-defendants were indicted in two criminal actions following a series of armed robberies of automobiles. The cases were consolidated for trial and sentencing. Johnson was convicted of ten counts related to the armed robbery offenses (Id. at 132, 140 (Counts 1, 2, 4, 5, 7, 8, 10, 11); docs. 18, 25) (Counts 1, 2)). He was also convicted of five counts of using and carrying a firearm during and in relation to a crime of violence. (Id. (Counts 3, 6, 9, 12); (Count 3)).

On January 22, 1999, U.S. District Judge Charles R. Butler, Jr. sentenced Johnson to 188

months, concurrent, as to the armed robbery convictions. He was sentenced to 1,020 months, consecutive, as to the firearm convictions. At that time, each firearm conviction carried a mandatory, separate, consecutive sentence.[1] His total sentence was 1,208 months.

Johnson's sentences were affirmed on appeal in 2001 (doc. 160, doc. 46). After which, Johnson filed many other motions seeking relief from his judgment. Relevant here, in December 2015, Johnson filed a motion to reduce his 18 U.S.C. § 924(c) sentences pursuant to United States v. Holloway (doc. 278; doc. 99). He also wrote the United States Attorney seeking his agreement to vacate the consecutive or "stacked" § 924(c) sentences. The United States responded that after thorough consideration, it could not agree[2] to vacate (doc. 282, doc. 102). Senior District Judge Charles R. Butler denied Johnson's motion (doc. 283, 103). His motion to reconsider was also denied (doc. 285, 105).

Johnson then filed a second motion pursuant to United States v Holloway (doc. 345, doc. 163). Again, he asked the Court to follow the Holloway decision and agree to vacate two or more of his "stacked" convictions under 18 U.S.C. § 924(c). He argued that the district judge in

---

[1] Count 3 - 60 months; Count 6 - 240 months; Count 9 - 240 months; Count 12 - 240 months; and Count 3 – 240 months.

[2] The United States explained that Johnson was a "member of a gang which engaged in a series of armed carjackings" (doc. 282, doc. 102). The United States further explained that "[d]uring one carjacking, a gang member fired a shot to ward off the owner of the vehicle", in "another carjacking, the victim was shot in the shoulder", and Johnson had possessed a weapon during these carjackings (doc. 282, doc. 102). Citing a news article from October 2000, the United States also explained that Johnson had been convicted of murder and sentenced to life imprisonment by the State of Alabama. (Id.) He had "shot the victim twice in the back with a . . . pistol after the man complained about the poor quality of the crack cocaine Johnson sold him." (Id.). However, the state court judge suspended Johnson's life sentence to relieve the state of the "financial burden" upon reasoning that the "federal sentence of more than 100 years was enough time to ensure that a suspended sentence on the state charge would not lead to his freedom." Id.

Holloway knew that "lawmakers were working on taking steps to lessen the sentence that multiple § 924(c) offenses mandate be imposed" (doc. 346, doc. 165) and pointed to Congress' recent passing of the First Step Act of 2018, which amended § 924(c) and eliminated the "stacking" of multiple convictions under § 924(c) (doc. 357, doc. 176). The United States opposed the motion on grounds that the Holloway decision was not binding on this Court, that Congress had addressed the issue of "stacked" sentences under 18 U.S.C. § 924(c) in the First Step Act but did not retroactively apply the amendment to § 924(c), that the criminal justice system demands finality in judgments, and that the facts in this case did not warrant relief (doc. 353, doc. 172). Johnson's motion was denied (doc. 362, doc. 181).

Johnson has now filed a third motion pursuant to United States v. Holloway (doc. 416-419, doc. 231-234). Again, he has written the United States Attorney to request a reduction of sentence and moves the Court to agree to a reduction. He raises four arguments: the sentencing disparities between him and two co-conspirators who wounded victims during two of the robberies, his youthful age of 19 and 20 years at the time of the offenses, that had he cooperated and pled guilty he would "have been out of prison many years ago", and his rehabilitation and community support.

The United States opposes Johnson's motion (doc. 438, doc. 253). The United States argues that the "motion should be denied because it is barred by the doctrines of collateral estoppel and law of the case" or alternatively, the Court may construe the "motion as filed under Federal Rule of Civil Procedure 60(b)" to reopen his prior proceedings pursuant to 28 U.S.C. § 2255 and find that it is "untimely and fails to identify a basis for relief". The United States also argues that the Court should characterize Johnson's motion as filed under 28 U.S.C. § 2255 and dismiss for lack of jurisdiction as an "unauthorized successive motion."

In the Order denying the second Holloway motion, the Court analyzed the Holloway decision, including the U.S. Attorney's agreement with the reduction proposed by the district court, and subsequent decisions which follow or do not follow Holloway (doc. 362, doc. 181). The Court also acknowledged that as the district court in Holloway discussed, Congress did act to amend 18 U.S.C. § 924(c) such that "stacked" sentences were no longer available for multiple § 924(c) offenses charged in the same indictment.[3]  Ultimately, the Court denied Johnson's motion stating that "[s]ince the U.S. Attorney indicates that he will not agree to request vacation of any of Johnson's § 924(c) convictions, the Court will not consider a modification of the sentence." (doc. 181, doc. 362)

Again, the United States indicates that the U.S. Attorney will not exercise his discretion to request vacating any of Johnson's § 924(c) convictions (doc. 438, p. 5; doc. 253, p. 5). Previously, the United States cited United States v. Ledezma-Rodriguez, 249 F. Supp. 3d 979 (S.D. Iowa 2017).  In that case, the district judge stated as follows:

> In Holloway, the court vacated two of the defendant's convictions and was therefore able to resentence the defendant to a lesser term of incarceration; however, the salient factor was the prosecutor's decision to agree to the vacatur, without which the court had possessed no authority to act. Id. at 315–16. Holloway demonstrates that "the Department of Justice, as the government's representative in every federal criminal case, has the power to walk into courtrooms and ask judges to remedy injustices." Id. at 316. . . .

---

[3] The First Step Act of 2018, amended § 924(c)(1)(C) to strike "second or subsequent conviction under this subsection" and insert "violation of this subsection that occurs after a prior conviction under this subsection has become final." Pub. Law 115-391, December 21, 2018, 132 Stat 5194. However, that portion of the First Step Act was not retroactive.  Congress specifically excluded defendants who had already been sentenced as of December 21, 2018. ("Applicability to Pending Cases. This section, and the amendment made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

> The courts, on the other hand, are strictly limited in their ability to modify sentences. Indeed, as a general matter, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are only three narrow exceptions to this rule: a court can modify a term of imprisonment (1) upon motion of the Bureau of Prisons; (2) when expressly permitted by statute; or (3) when the applicable sentencing range of the U.S. Sentencing Guidelines has been amended and made retroactive. See 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2).

249 F. Supp. 3d at 282.

Again, since the U.S. Attorney will not agree to request vacating any of Johnson's § 924(c) convictions, the Court will not consider a modification of the sentence. Therefore, Johnson's request is DENIED. See Whitt v. United States, No. 1:95 CR 33, 2017 WL 5257709, at *3 (N.D. Ind. Nov. 13, 2017) ("… the one consistent theme for the Courts that have addressed the Holloway decision is that unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the defendant's sentence.") (collecting cases).

Alternatively, should the motion pursuant to the Holloway Doctrine properly be construed as a successive motion to vacate pursuant to 28 U.S.C. § 2255, the motion is DISMISSED for lack of jurisdiction. Johnson previously filed two § 2255 motions. To file a successive motion, he must obtain authorization from the Court of Appeals for the Eleventh Circuit. See § 2255(h); 28 U.S.C. § 2244(b)(3). Johnson has not shown that he obtained the required authorization.

**DONE** and **ORDERED** this 3rd day of April 2024.

                                                    s/ Kristi K. DuBose
                                                    **KRISTI K. DuBOSE**
                                                    **UNITED STATES DISTRICT JUDGE**